UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAQUIN AGUILAR DOMINGUEZ,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

CIVIL ACTION NO. 05 CV 73575 DT
Criminal No. 03-80700

DISTRICT JUDGE AVERN COHN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## REPORT AND RECOMMENDATION

### I. Introduction

On September 19, 2005, petitioner, an inmate in the custody of the Federal Bureau of Prisons, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  By order dated January 4, 2006, the district court referred the matter to this court pursuant to 28 U.S.C. § 636(b)(1)(B) for preparation of a report and recommendation.  For the reasons set forth below, the court recommends that the motion be **DENIED**

### II.  Background

On July 31, 2003, petitioner was indicted on a charge of re-entering the United States following removal from the country based upon a felony conviction, a violation of 8 U.S.C. § 1326(b)(1).  Petitioner pleaded guilty to the charge and was sentenced to a term of imprisonment

-1-

of 41 months.  The district court entered the final judgment of conviction and sentence on May 27, 2004.  Petitioner did not file an appeal.

As noted above, on September 19, 2005, petitioner filed a motion to vacate his conviction and sentence pursuant to § 2255.  He contends that he is entitled to relief from his sentence under the Supreme Court's holding United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  The Government asserts that petitioner's motion is untimely under the one-year statute of limitations of § 2255 and, in any event, that petitioner's motion is without merit.

### III.  Discussion

Turning first to the question of whether petitioner's motion is time-barred, the limitations provision of § 2255 states the following:

> A 1-year limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevent from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

The second and fourth subsections of the limitations provision are inapplicable in this matter.  Further, while petitioner filed his motion within one year of the Supreme Court's

issuance of the Booker decision, the third subsection is inapplicable because Booker does not apply retroactively to cases on collateral review. See Humphress v. U.S., 398 F.3d 855, 860-63 (6th Cir. 2005). Thus, the question of whether petitioner filed his motion in a timely manner turns on when his conviction became "final" within the meaning of section one of the limitations provision.

Where an inmate has filed a direct appeal, his conviction becomes final for § 2255 purposes "upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." Sanchez-Castellano v. U.S., 358 F.3d 424, 426 (6th Cir. 2004). However, petitioner did not file a direct appeal and did not seek an extension of time to do so. In such a case, the inmate's conviction becomes final for § 2255 purposes upon the expiration of 10-day period in which the inmate could have filed a notice of appeal. See Fed.R.App.P 4(b)(4); see also Sanchez-Castellano, 358 F.3d at 428 ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there had been no district court extension of appeal time for good cause or excusable neglect"). Applying this rule, petitioner's conviction became final on June 11, 2004. Accordingly, he had until June 11, 2005 to file a § 2255 motion. Petitioner did not file the instant motion until September 19, 2005. His motion is thus time-barred under the limitations provision of § 2255.

Even if the motion was not time-barred, petitioner would not be entitled to relief from his sentence. Again, Booker does not apply retroactively to cases on collateral review. Thus,

petitioner cannot seek relief from his sentence based upon the rule announced therein. Humphress, supra, 398 F.3d 855.

Further, petitioner appears to suggest that his sentence was imposed in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Any such argument is plainly lacking in merit. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 2363-64, 120 S.Ct. 2348, 147 L.Ed.2d 435. Petitioner was charged with illegal entry under 8 U.S.C. § 1326(b)(1), which provides for a statutory maximum penalty of 10 years imprisonment. He pleaded guilty to that charge and received a sentence well under the applicable statutory maximum. Accordingly, no Apprendi violation occurred.[1]

**IV. Conclusion**

For the reasons stated above, the court recommends that petitioner's motion be **DENIED** on the ground that it is time-barred under the one-year limitations provision of § 2255.

---

[1] The court notes that even if petitioner had been charged under 8 U.S.C. § 1326(a), which carries a maximum penalty of two years imprisonment, his 41-month sentence would not run afoul of Apprendi. The Sixth Circuit has held that a prior conviction is not an element of the offense under § 1326(b) and, therefore, that it need not be alleged in the indictment or proved to the jury beyond a reasonable doubt. See United States v. Espino-Ochoa, 26 Fed.Appx. 402 (6th Cir. 2001); U.S. v. Becerra-Garcia, 28 Fed.Appx. 381 (6th Cir. 2002). Accordingly, a defendant may be sentenced under § 1326(b) based upon a judicial finding that the defendant has a prior qualifying conviction or convictions.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

      s/Virginia M. Morgan  
      VIRGINIA M. MORGAN  
      UNITED STATES MAGISTRATE JUDGE

Dated:   February 1, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOAQUIN AGUILAR DOMINGUEZ,

       Petitioner,

    v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

CIVIL ACTION NO. 05 CV 73575 DT
Criminal No. 03-80700

DISTRICT JUDGE AVERN COHN

MAGISTRATE JUDGE VIRGINIA M. MORGAN

## PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon Joaquin Aguilar Dominguez and counsel of record via the Court's ECF System and/or U. S. Mail on February 1, 2006.

                        s/J Hernandez
                        Case Manager to
                        Magistrate Judge Virginia M. Morgan